ADAMS v. GILLIG et al.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

1. REFORMATION OF INSTRUMENTS (§ 25*)—DEEDS—INTENTION OF PARTIES.
    Where both parties to a deed knew that it contained no provision restricting the use of land to the erection of dwellings thereon, and did not intend that it should, the grantor could not have it reformed by inserting in such a restrictive covenant.

    [Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 86; Dec. Dig. § 25.*]

2. DEEDS (§ 211*)—EVIDENCE—SUFFICIENCY—FRAUD—INTENTION.
    In a suit to set aside a deed to a lot as being procured by fraud, evidence *held* to sustain a finding that defendant intended to erect a garage thereon when he purchased the lot, representing that he intended to erect dwellings.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 645; Dec. Dig. § 211.*]

3. FRAUD (§ 12*)—DECEPTION CONSTITUTING FRAUD—PROMISES.
    Fraud cannot be predicated solely upon a promise not performed, even if the promisor never intended to fulfill his promise.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. § 12.*]

4. DEEDS (§ 70*) — VALIDITY—FRAUD—MISREPRESENTATION—STATEMENT OF INTENTION.
    Where though the deed contained no restrictive covenant as to buildings the grantee represented that he intended to erect a dwelling house on the lot, when he in fact at the time intended to erect a garage thereon and immediately proceeded to do so, the representation was of a present

existing intent, and not a mere promise, and was equivalent to a misrepresentation of fact, so as to avoid the deed on the ground of fraud.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 168; Dec. Dig. § 70.*]

McLennan, P. J., and Robson, J., dissenting.

Appeal from Special Term, Erie County.

Action by Catherine Adams against Alexander J. Gillig and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Riordan & Bott and Horace McGuire, for appellants.

James W. Persons, Adelbert Moot, and Helen Z. M. Rogers, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs. The action was brought to set aside a contract and deed of real property, or, in the alternative, to reform said contract and deed so as to limit the building upon the land to dwelling houses, and to procure the issue of temporary and permanent orders restraining the building of other than dwelling houses upon the property sold.

It is not contended that the plaintiff, under the evidence in the case, was entitled to any reformation of the contract or deed. The attention of both parties was called to the question, before the contract and deed were prepared, as to what use the defendant Gillig was to make of the property. Neither party asked to have any restrictive clause inserted in the papers. They knew there was no such clause therein when the papers were executed. They did not intend there should be. The referee did not find that the plaintiff was entitled to a reformation of the contract or deed. The only relief that plaintiff was entitled to, if any, was that which the referee awarded, setting aside the contract and deed as having been procured by fraud practiced upon the plaintiff by the defendant Gillig, and the only fraud found by the referee was that the defendant Gillig represented to the plaintiff that he intended to use the property for dwelling houses, and for no other purpose, when as a matter of fact he had all the time preconceived intent to construct an automobile garage thereon. It was further found that the statement of his then existing intent was false, was known to him to be false, was made with intent to deceive, was relied upon by plaintiff as true, and she was deceived thereby, and was induced to make the contract and deed, and was injured and damaged thereby. So far as these findings dealt with the facts, we see no reason why they are not sustained by the evidence, or why we should hold they were contrary to the evidence. The defendant's Gillig's real design was quite apparent from what he did. The contract was made May 19, 1908. The deed was given June 2, 1908. On the same day (June 2, 1908) he wrote to the motor company to secure an agency for the Cadilac motor car. On the next day (June 3, 1908) he instructed an architect to prepare plans and specifications for the garage. On June 8, 1908, the plans and specifications were

furnished him. On June 15, 1908, he made a contract for the erection of the garage on the property at an expense of $11,757, and on June 17, 1908, the construction was commenced. In view of these established facts, there could be little doubt as to his intention when he made the contract and deed. That he made the representation claimed is equally apparent. He hardly denies it. The plaintiff first learned June 19, 1908, that the construction of the garage had been commenced. Without any unnecessary delay she went to the defendant Gillig and offered to return to him the consideration paid for the property, $5,425, to pay all expenses he had incurred up to that time, and to procure him another site for his garage, if he would reconvey the property he had purchased of her. He refused to do this, and this action was soon commenced. The contractors were joined as parties defendant with Gillig, and a temporary injunction was secured restraining the continuance of the work on the garage. No further work has been done thereon.

The building of a garage on the property would be a great damage to plaintiff's other property adjoining that sold. The property was in one of the best residence localities in the city of Buffalo, and the referee very properly found that the false representation was designed to and did deceive the plaintiff and induce her to make the contract and deed, and that she was injured thereby. The only question really involved in this appeal is one of law, as to whether the representation was one upon which fraud could be predicated, that he intended to use the property to build dwelling houses on, and for no other purpose. The claim is that the statement was not in the nature of a promise, nor an expectation merely, but of a then present existing intent; and peculiar force is given to this claim by the very clear and satisfactory proof that Gillig then had an existing intent and purpose to construct a garage on the property, and made the representation for the purpose of cheating and defrauding her, and inducing her to make the contract and deed, which she would not have done, if she had known the real truth. It is not sought to uphold the judgment upon the theory that the statement made was a promise as to the future use to be made of the premises, and therefore the cases referred to by the appellants' counsel, where there was a promise merely, need not be very carefully considered.

Appellants' counsel cites a line of cases apparently holding that a mere promise to do anything in the future will not, when violated, be a basis for the allegation of fraud, even if there was an intention at the time the promise was made to violate the same. Respondent's counsel cites another line of cases, however, apparently holding a contrary doctrine. These cases are sought to be distinguished by opposing counsel upon one ground and another. We do not desire to enter upon any analysis of these cases. Our judgment is that the law in this state is that fraud cannot be founded solely upon a promise not performed, even if the promisor never intended to fulfill the same. See Kley v. Healy, 127 N. Y. 561, 28 N. E. 593.

The question here is slightly different, however. This statement was in no sense a promise. It was a statement of a present existing

intent, and we see no reason why it was not as much an existing fact as any other fact that could be made the basis of a charge of fraud. The purpose of the statement was to deceive and defraud, and it accomplished such purpose. There is no decision in this state bearing upon this precise point, but it is reasonable to hold the defendant liable for this fraud.

The result in this case is in accord with justice, and we think the judgment should be affirmed. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.

McLENNAN, P. J. (dissenting). The material findings of fact are supported by evidence, and are, in substance, that in May, 1908, the defendant entered into negotiations with plaintiff's agents looking to the purchase of some real property situate in a residential portion of the city of Buffalo, in which locality were other lands owned by the plaintiff; that the purchase price was agreed upon, and during the negotiations the defendant was asked for what purpose he desired to use the land which he was seeking to purchase, and in reply he stated, in substance, that he intended to use the property only for the "purpose of building residences thereon," and that statement or declaration was communicated to the plaintiff; that said statement of intention so made by the defendant was false and fraudulent, and made with intent to deceive the plaintiff; that she, however, believed and relied upon the same, and entered into a written contract with the defendant for the sale of the premises to him, the plaintiff agreeing, on or before May 28, 1908, to furnish to the defendant a "full tax and title search, * * * showing a good and marketable title, and showing the premises free and clear of all liens and incumbrances," except a certain mortgage, from the lien of which she agreed these premises would be released at the date of the consummation of this transaction. The defendant agreed to pay $100 down, which he did, and the balance, $5,425, on the 8th day of June, 1908, at which time it was agreed a warranty deed of the premises should be delivered to him by the plaintiff. Such contract contained no restrictive clause or covenant. Thereafter, and on June 2, 1908, the plaintiff, through her agents, duly delivered to the defendant a search of the premises, showing a marketable title, and delivered to him a warranty deed of the same, which he accepted, and paid the balance of the purchase price, viz., $5,425. Such deed contained no restrictive clause or covenant, and did not in any manner refer to the oral statement alleged to have been made by the defendant in respect to the purpose for which he intended to use the property.

The court finds that during all the time the negotiations were pending the defendant intended, in case he purchased the property, to erect a garage thereon, and immediately upon getting the deed he commenced its erection; and the court also finds in this case that if such garage is erected it will seriously damage other property in the locality of some of which the plaintiff is the owner. There is no suggestion in the evidence that the plaintiff did not know and fully understand just what provisions were contained in the contract and

deed. Indeed, they were both prepared by her agents after consultation with her lawyer, and there is no claim that the defendant, by any representations or otherwise, influenced their preparation or dictated their contents. There is no claim or pretense that there was any fraud or mistake in the preparation of the contract or deed, or that the plaintiff did not know and fully understand their effect. Under these circumstances, may the oral agreement or covenant alleged to have been made by the defendant be added to or inserted in and made a part of the written instruments executed by them, or be made a basis of an action for their cancellation? That such oral agreement would materially change and vary the terms of the written instruments is apparent. The deed as written declares, in effect, that the grantee may use the premises for any purpose which he may see fit. The oral agreement provides that such use is restricted to a single purpose. As applied to this case, I understand the correct rule to be as stated at page 9 of appellant's brief:

"The plaintiff, having voluntarily omitted the alleged restrictive covenant from the contract and deed, cannot now resort to equity for a rescission of the contract and deed, or to reform them by inserting this alleged restriction."

Any other rule would render insecure and uncertain titles to real estate, although resting upon deeds executed and delivered with all the formalities prescribed by law. The proposition which forms the basis of the judgment appealed from, if correct, is far-reaching in its consequences. It means no less than that a grantor may himself prepare a warranty deed of premises owned by him, prepare it in the exact form which he desires, tender it to the grantee, as he was bound to do under a previous contract in writing executed by them, receive from the grantee the purchase price, and then procure a cancellation of such deed by proving that the grantee agreed by parol, before such deed or contract was executed, to do something or to omit to do something in respect to the use of the premises deeded, and that the grantee failed to carry out such parol agreement, although it was not referred to in the deed or contract, and although there was no agreement, understanding, or expectation that such oral agreement should be included in or made a part of such written instrument. If such is the rule, a grantee may not rely upon a deed executed and delivered to him by his grantor, voluntarily, fully knowing its contents, and with full knowledge as to what provisions it did and did not contain; but, before such grantee can be quite sure that he really owns the property thus deeded to him, he must ascertain whether or not witnesses can be found who will testify that he agreed by parol before receiving his deed that he would only use the property, which he purchased and paid for, in a manner satisfactory to his grantor. As we have seen, there is no claim that the defendant in any way induced the plaintiff, by fraud or otherwise, not to insert the alleged restrictive clause in the contract or deed, and it is conclusively established that such omission was the result of plaintiff's voluntary act.

The decision in the case of Wilson v. Deen, 74 N. Y. 531, is decisive of the question here involved, and is adverse to respondent's contention, and, so far as I can discover, the authority of that case, or the

correctness of the rule there enunciated, has never been questioned by any court in this state. In that case the defendant executed to the plaintiff a lease of a dwelling house in the city of New York, with the furniture therein. During the negotiations prior to the execution of the lease, and again at the time the lease was executed, the defendant agreed by parol to supply certain furniture and to have the house completely furnished by the beginning of the term. The lease contained no such covenant, and this was known by the lessee when the lease was signed, at which time the defendant again promised to complete the furniture. The lessee stated that she was willing to rely upon the faith of the defendant's promise. The defendant did not fulfill her promise, and the lessee refused to accept the premises and brought the action to cancel the lease. The Court of Appeals held that the action could not be maintained. Judge Rapallo, writing for the court, at page 535 said:

"Where there is no fraud or mistake in the preparation of the instrument, and it appears that the party knew its effect and purport, there is no ground for the reform of the contract, and a cotemporaneous promise on the faith of which he signed, cannot be given in evidence to control it. * * * The current of our authorities sustains the proposition that, both at law and in equity, one who sets his hand and seal to a written instrument, knowing its contents, cannot be permitted to set up that he did so in reliance upon some verbal stipulation, made at the time, relating to the same subject, and qualifying or varying the instrument which he thus signs. The very purpose of the rule which excludes evidence of such declarations is to avoid the uncertainties attendant upon such evidence, and equity will not set aside that important and well-settled rule for the purpose of relieving a party against a risk which, upon his own showing, if it be true, he has voluntarily incurred. It is only when through fraud or mistake a party has executed an instrument which he believes to be in accordance with the real agreement, but which is in fact different, that equity will relieve; and even then the mistake, as well as the agreement, must be made out by clear proof. Nevius v. Dunlap, 33 N. Y. 676; Rider v. Powell, 28 N. Y. 310, 317."

The court further said:

"A lease was reformed by inserting a clause terminating it in case of the destruction of the buildings by fire; but in each' of these cases it was provided that the clause had been agreed to be inserted, and had been omitted by mistake, and the lessee had signed in ignorance of the omission. No such fact exists in the present case. The judgment appealed from does not proceed upon the theory of reforming the lease, or canceling it, on the ground of mistake, but of giving effect to the cotemporaneous oral promise as such. It is not claimed that there was any mistake as to the contents of the lease. It was carefully read by the lessee before execution, and there is no suggestion even that it was contemplated that it should contain any stipulation as to adding furniture or supplying deficiencies. The plaintiff, knowing the contents of the lease, consented, according to her own testimony, to execute it as it was, relying wholly upon the oral promise of the lessor to complete the furniture, which promise the lessor denies. The lease demised the house and the furniture therein. Its terms were clear, and did not call for the supply of any other furniture than that then in the house. * * * We can find nothing in the case but the often-repeated attempt to obtain the benefit of oral stipulations, relating to a subject as to which a written agreement has been made, in which such stipulations are not contained."

I have quoted thus at length from the opinion of Judge Rapallo because, as it seems to me, his language exactly covers every phase of the proposition now under discussion. It would be difficult to find an

authority more directly in point and more clearly decisive of the proposition that the oral stipulation alleged to have been made by the defendant in this case was not competent evidence to vary the terms of the written instruments, the contract and deed, and could not be made the basis of an action for the cancellation of such instruments when they were voluntarily executed by the plaintiff, with full knowledge upon her part of their contents and of the fact that they did not contain the alleged oral agreement. See, also, Dyar v. Walton, 79 Ga. 466, 7 S. E. 220.

We conclude, also, that this action cannot be maintained because the alleged false representation related, not to an existing fact or past fact, but to an intention or promise on the part of the defendant to do something in the future. Lawson on Contracts (1st Ed.) § 234; Gray v. Palmer, 2 Rob. 500. In that case the court said:

"To be actionable, the representation must be of some fact alleged to exist at the time, and made for the purpose of inducement. * * * Even if he intended, at the time it was made, to repudiate, his promise was not of such a character as to make him responsible in this action. The other representations are of the same description. They are all promises for future conduct, and not representations of an existing fact."

See, also, Gallagher v. Brunel, 6 Cow. 346.

Cases to the same effect, decided by courts of other states, might also be cited. No case has been called to our attention, decided by any court in this state, in which it is held that a deed of real property may be canceled upon proof that the grantee, prior to the execution and delivery of such deed, made false representations as to his intentions respecting the use to which he would devote the property conveyed. We, however, desire to place our dissent upon the square proposition that the plaintiff may not have read into the contract or deed the alleged oral agreement of the defendant, and thus vary and practically nullify the contract and deed signed by the respective parties, or make such oral agreement the basis for their cancellation.

Can it be possible that a warranty deed, executed to a grantee under all the formalities prescribed by the statute, and with full knowledge of its contents by a grantor, may be canceled upon proof that such grantee, by an oral agreement made prior to the execution and delivery of such deed, agreed to use the property thus conveyed to him in a particular manner, and not otherwise? The decision about to be rendered by this court, affirming the judgment appealed from, is, as it seems to me, so important and far-reaching in its consequences that I have deemed it proper to express my views upon the questions involved at some length, and those questions, as it seems to me, are: First, may a deed, executed and acknowledged by a grantor, with full knowledge and understanding of its contents, be canceled upon proof that the grantee made an oral representation, which was known at the time by him to be false, as to his intention as to the use to which he would devote the property? and, second, is it competent to prove such oral agreement, made prior to the execution and delivery of the deed, which would materially change and vary the contents of such written instrument? It seems to me clear that each question should be answered in the negative; that, if any force or effect is to be given

to the rule that all prior negotiations are merged in the written instrument and that its terms and conditions cannot be changed or modified by any parol agreement made prior to its execution, it should be held that the plaintiff in this action has failed to establish a cause of action.

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

ROBSON, J., concurs.