GABRIEL v. GRAHAM. (No. 7609.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. FRAUD ☜41—ACTION FOR DAMAGES—SUFFICIENCY OF COMPLAINT.
　　A complaint alleging that defendant represented to plaintiff that he was about to engage with his brother in a brokerage business, to which they were both to devote their entire time, that they wanted plaintiff as a silent partner, to .contribute a certain sum to be employed as collateral in carrying on the business, that neither defendant nor his brother ever intended to carry on a brokerage business, and did not do so, and that defendant used the sum paid by plaintiff in reliance on such representations for his own use, stated a cause of action against the defendant.
　　[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 36, 37; Dec. Dig. ☜41.]

2. FRAUD ☜12—FRAUDULENT REPRESENTATIONS—FACTS—INTENT.
　　The representation of defendant's then existing intent to engage in business and use plaintiff's money therein, and of his brother's intention to become his associate in business, were not representations of future happenings or conditions, but of material existing facts.
　　[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 14; Dec. Dig. ☜12.]

Appeal from Trial Term, New York County.

Action by Harry Wallace Gabriel against Clinton Graham. From a judgment dismissing the complaint at the opening of the trial and before any evidence was received, plaintiff appeals. Reversed, and new trial ordered.

See, also, 165 App. Div. 906, 149 N. Y. S. 1083.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Edward S. Greenbaum, of New York City, for appellant.
Theodore T. Lane, of New York City, for respondent.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DOWLING, J.    [1] The defendant's motion to dismiss the complaint herein was granted by the trial court before any evidence was introduced, on the ground that "there is not in this pleading sufficient to sustain the action."    The complaint sets forth a cause of action in fraud, based on allegations that in April, 1911, defendant (with whom plaintiff had become acquainted while a customer of William P. Bonbright & Co., brokers, by whom defendant was employed as an assistant cashier), with intent to cheat and defraud the plaintiff, stated to him that—

"he was about to enter into a brokerage business with his brother, Clason Graham, to transact the sale and purchase of stocks, bonds, and other securities on behalf of customers, and that said business was to be conducted along the lines of the business conducted by William P. Bonbright & Co., and that the defendant and his brother, Clason Graham, were both to devote all their time and energy to the operation of an office for the conduct of such business in New York City; that the defendant at that time stated to the plaintiff that Clason Graham and the defendant desired the plaintiff as a silent partner in said business, and wished him to contribute the sum of $25,000 for that purpose, which sum the defendant represented to the plaintiff was to be employed as collateral for the carrying on of the said business."

It is further alleged:

"That Clason Graham never intended to enter into the business as had been represented to the plaintiff by the defendant, and that said Clason Graham never entered into said business," and that "the defendant never intended to nor ever carried on a business as a broker on the representation of which he received $25,000 from the plaintiff," but that defendant "used the $25,000, fraudulently obtained from the plaintiff as hereinbefore set forth, solely for his own use."

It is further set forth that plaintiff on April 27, 1911, paid over the sum of $25,000 to defendant in reliance upon the latter's statements and representations, and that defendant and his brother, intending to cheat and defraud the plaintiff, appropriated the $25,000 to their own uses and did not engage in the business of stockbroking, but used the alleged copartnership agreement as part of the scheme to defraud plaintiff.    Disregarding the superfluous matter in the complaint, there is sufficient to charge that defendant represented to plaintiff that he was about to engage with his brother in a line of business with the general character of which both he and plaintiff were familiar, that defendant and his brother were to personally give their attention to the business, that they desired plaintiff to contribute $25,000 thereto and become a silent partner therein, and that such sum was to be used in said business.    Not only did none of these things come to pass, but it is charged that defendant never intended to carry on such a business as he represented he was about to engage in, and that his brother never intended to engage therein.    I think that this set forth a cause of action against the defendant.

[2] Defendant claims that the only misrepresentations alleged were not of existing facts or conditions, but of future happenings or conditions.    But this contention overlooks entirely the fact that the representations enumerated are representations of defendant's then existing intention to engage in business and to use plaintiff's money therein, and of his brother's then intention to become his associate in the bro-

kerage business. As the rule is laid down in Laws of England, vol. 20, p. 660:

"The existence or nonexistence of an intention in the mind of a man at a given moment is as much a fact as the existence or nonexistence of any other thing. Any statement, therefore, of such existence or nonexistence, is a misrepresentation. The proof of falsity may be difficult, but this difficulty does not make the statement any the less one of fact."

In Bigelow on Fraud, vol. 1, p. 484, it is said:

"To profess an intent to do or not to do, when the party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made."

In Adams v. Gillig, 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910, defendant purposely, intentionally, and falsely stated to the plaintiff that he desired to purchase a portion of her vacant lot, located in a residence district, for the purpose of building a dwelling or dwellings thereupon. These representations were made with intent to deceive plaintiff, who relied thereupon and executed a conveyance to defendant. Defendant, while negotiating, intended to build, and immediately after the purchase proceeded to arrange for building, a public garage on the lot, the construction of which would greatly damage plaintiff's remaining property. In the course of his opinion Judge Chase said (199 N. Y. 321, 98 N. E. 672 [32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910]):

"In civil actions relating to wrongs, the intent of the party charged with the wrong is frequently of controlling effect upon the conclusion to be reached in the action. The intent of a person is sometimes difficult to prove, but it is nevertheless a fact, and a material and existing fact, that that must be ascertained in many cases, and, when ascertained, determines the rights of the parties to controversies. The intent of Gillig was a material existing fact in this case, and the plaintiff's reliance upon such fact induced her to enter into a contract that she would not otherwise have entered into. * * * We are of the opinion that a false statement made by the defendant of his intention should, under the circumstances of this case, be deemed to be a statement of a material existing fact, of which the court will lay hold for the purpose of defeating the wrong that would otherwise be consummated thereby."

The court called attention as well to the difference between representations of an existing intention (which is a fact) and those which are merely promissory and contractual in their nature, the latter being enforceable only under the rules relating to contracts.

In Edgington v. Fitzmaurice, Law Reports 29 Chancery Division, 459, a prospectus had been issued by the directors of the Army and Navy Provision Market, Limited, which, among other things, set forth the objects for which an issue of £25,000 of debentures was to be made, such an enabling the society to complete alterations and additions to its buildings, to purchase its own horses and vans, and to develop its arrangements for obtaining a fresh supply of fish from the coast. Cotton, L. J., said in relation to the part of the prospectus in question (page 479):

"It was argued that this was only the statement of an intention, and that the mere fact that an intention was not carried into effect could not make the defendants liable to the plaintiff. I agree that it was a statement of intention, but it is nevertheless a statement of fact, and if it could not be fairly said that the objects of the issue of the debentures were those which were

stated in the prospectus, the defendants were stating a fact which was not true; and if they knew it was not true, or made it recklessly, not caring whether it was true or not, they would be liable."

In the same case Bowen, L. J., said (page 482):

"But when we come to the third alleged statement I feel that the plaintiff's case is made out. I mean the statement of the objects for which the money was to be raised. These were stated to be to complete the alterations and additions to the buildings, to purchase horses and vans, and to develop the supply of fish. A mere suggestion of possible purposes to which a portion of the money might be applied would not have formed a basis for an action for deceit. There must be a misstatement of an existing fact; but the state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else. A misrepresentation as to the state of a man's mind is therefore a misstatement of fact."

See, also, Kley v. Healy, 127 N. Y. 555, 28 N. E. 593; Fox v. Duffy, 95 App. Div. 202, 88 N. Y. Supp. 401; Jones v. Jones, 40 Misc. Rep. 360, 82 N. Y. Supp. 325.

The judgment appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.