PEASE & ELLIMAN, INC., Appellant, v. CHARLES WEGEMAN, Respondent.

First Department, June 8, 1928.

Fraud and deceit — sufficiency of complaint — complaint alleges that plaintiff was employed as broker to sell real property, that defendant stated he represented third party interested in purchase and would communicate any information given by plaintiff, that plaintiff furnished defendant with information and constituted defendant gratuitous agent, that defendant made statements and promises with intention of defrauding plaintiff of commissions — complaint also alleges that defendant procured offer of purchase to be made through other brokers and received commissions — action is to recover amount of commissions received by defendant as for money had and received, and also for damages — complaint states cause of action for fraud and deceit and also for money had and received.

The plaintiff alleges in its complaint that it was employed as broker by the owner of real property to sell the same; that it informed the defendant of its retainer and that defendant told plaintiff he represented a third person who was interested in the purchase of the property and promised plaintiff that he would endeavor to aid in selling the property if plaintiff would give him the necessary information, including the terms of sale and photographs; that it was the intention of the defendant at the time of making the promises not to fulfill them; and that in bad faith and for the purpose of defrauding plaintiff the defendant procured an offer of purchase for the property to be submitted through other brokers under a secret agreement for the sharing of the commissions, and that the defendant received the sum of $6,250 in commissions. The complaint further alleges that there is due and owing from the defendant the sum of $6,250 as for money had and received, and that by reason of the premises plaintiff has been damaged in the sum of $12,500.

The allegations in the complaint set forth a sufficient cause of action for fraud and deceit. The complaint alleges a promise made with a present intention not to fulfill, and with the intention that the plaintiff should act thereon, and that the plaintiff did so act and suffered damages. A declaration of a present intention, false when made, to perform an act in the future, constitutes a false representation of an existing fact, and is the basis of liability.

The complaint may also be sustained as setting forth a cause of action for money had and received by the defendant as the agent of the plaintiff. The defense that there was no consideration is not good, for, when the defendant undertook to act as agent of the plaintiff, although gratuitously, he owed to the latter good faith and ordinary diligence, and is liable for violation of that duty.

MERRELL, J., dissents, with opinion.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of March, 1928.

*Stewart W. Bowers* of counsel [*Laughlin, Gerard, Bowers & Halpin,* attorneys], for the appellant.

*Jacob I. Goodstein,* for the respondent.

FINCH, J. The sole question presented by this appeal is the sufficiency of the complaint upon a motion by defendant to dismiss for failure to state a cause of action under rule 106 of the Rules of Civil Practice.

The complaint, in brief, alleges the following: Plaintiff was employed as broker by the owner of real property to sell the same and so informed the defendant. Defendant then stated to plaintiff that he represented a third party who was interested in the purchase of such a piece of property. Defendant further promised plaintiff that he, defendant, would endeavor to aid in selling said property to this third party and would communicate to said person any information which plaintiff would give him, and keep the plaintiff advised as to whether said person desired to purchase the property. In reliance upon the aforesaid statements and promises of the defendant and in the belief that the defendant intended to fulfill the same, plaintiff furnished to the defendant full and detailed information as to the premises and the terms which the owner thereof was willing to accept. Plaintiff also furnished to the defendant photographs of the premises to be exhibited to the said proposed purchaser and constituted the defendant the gratuitous agent of the plaintiff pursuant to the agreement made between plaintiff and defendant. The aforesaid statements and promises on the part of the defendant are alleged to have been false, and that it was the intention of the defendant at the time of making the same not to fulfill them, but that the defendant made the same in bad faith, for the purpose of defrauding the plaintiff of its commissions on the sale of the premises and of obtaining a part of the commissions for himself. The defendant thereafter procured the offer of purchase for the property in question to be submitted through brokers other than the plaintiff, with a secret agreement to receive one-half the commission, and pursuant to said agreement the defendant received the sum of $6,250, representing one-half the commission paid upon the sale of said property. It is further alleged that there is due and owing from the defendant the sum of $6,250 as for moneys had and received for the use and benefit of the plaintiff and that by reason of the premises plaintiff has been damaged in the sum of $12,500 which is alleged to be the

agreed and reasonable value for introducing to the owner a customer ready and willing to purchase the premises.

The aforesaid allegations are sufficient to constitute a cause of action. There is set forth a promise made with a present intention not to fulfill the same and with the intention that the plaintiff should act upon said promise; that the plaintiff did so act in reliance thereon, and thereby suffered damage. These allegations contain the elements of an action in fraud and deceit. It is contended by respondent that the complaint is defective in that it does not allege a false representation in regard to an existing fact, but that the promises alleged are to be kept and performed in the future. A complete answer to this contention is that the complaint alleges that when the promises were made the defendant then intended not to fulfill them. It is well settled that a declaration of a present intention, false when made, to perform an act in the future constitutes a false representation of an existing fact. As was said by Mr. Justice DOWLING (now presiding justice) in *Gabriel* v. *Graham* (168 App. Div. 847): " Defendant claims that the only misrepresentations alleged were not of existing facts or conditions but of future happenings or conditions. But this contention overlooks entirely the fact that the representations enumerated are representations of defendant's then existing intention * * *. As the rule is laid down in Halsbury's Laws of England (Vol. 20, p. 660): ' The existence or non-existence of an intention in the mind of a man at any given moment is as much a fact as the existence or non-existence of any other thing. Any statement, therefore, of such existence or non-existence is a representation. The proof of falsity may be difficult, but this difficulty does not make the statement any the less one of fact.' In Bigelow on Fraud (Vol. 1, p. 484) it is said: ' To profess an intent to do or not to do, when the party intends the contrary, is as clear a case of misrepresentation and of fraud as could be made.' "

The complaint, therefore, may be sustained as setting forth a cause of action for fraud and deceit. It also may be sustained as setting forth a cause of action for money had and received as the agent of the plaintiff. As against this theory of action, it is urged that the absence of a consideration to the defendant precludes any contractual relation between the parties. To this contention there are two answers: *First,* there was a consideration in imparting to the defendant in return for the defendant's promise the information which permitted the defendant to procure for his principal a property suitable to the latter. *Secondly,* even though there were no consideration, the defendant, when he undertook to act as the agent of the plaintiff, owed to the latter good faith and ordinary

diligence. In other words, the plaintiff could not hold the defendant responsible for acts of non-feasance in violation of the defendant's promise to act as plaintiff's agent, but once the defendant undertook to act, even though gratuitously, the relation of principal and agent was created between the parties with its concomitant obligations. In 21 Ruling Case Law, 825, the rule is set forth as follows: " The fact that an employee or agent acts gratuitously does not relieve him of liability for wrongful acts or negligence. But while the acceptance of gratuitous services is held to support an implied undertaking against misfeasance, the view has been expressed that a valuable consideration is essential to the maintenance of an action for non-feasance."

It follows that the order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

DOWLING, P. J., McAVOY and PROSKAUER, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting). The only question presented by this appeal is whether the complaint stated facts sufficient to constitute a cause of action. In its complaint plaintiff alleges that it was and still is a duly licensed real estate broker and is incorporated under the laws of the State of New York. The complaint further alleges that on or about January 7, 1926, plaintiff was duly employed by one Armstrong, as broker, to introduce to him a purchaser ready, able and willing to purchase from said Armstrong certain real property consisting of a house and lot at Edgewood Park, Greenwich, Conn., upon certain terms and conditions; that thereafter and during the course of plaintiff's negotiations to earn its commissions the plaintiff interviewed the defendant and informed defendant that the plaintiff was a real estate broker employed by the owner of said real property and was engaged in attempting to sell said real property for the owner; that the defendant stated to the plaintiff that he represented one Frazee who was interested in the purchase of such a piece of property as described by plaintiff and that defendant stated to plaintiff and promised plaintiff that he would endeavor to aid in selling said property to said Frazee and that any information which the plaintiff should give him he would communicate to Frazee, and that he would keep plaintiff advised as to whether said Frazee desired to purchase said property. Plaintiff further alleges that he duly accepted defendant's offer and thereby constituted the defendant the plaintiff's gratuitous agent; that said statements aforesaid made by defendant to plaintiff

were false and known by said defendant to be false and it was the intention of the defendant at the time said promise was made not to fulfill the same; that said false statements and promises were made by defendant to plaintiff with the intent that they should be acted upon by plaintiff; that plaintiff believed said statements and promises made by the defendant to be true and believed that the defendant intended to fulfill said promises, and that in reliance upon said false statements and promises plaintiff furnished to defendant full and detailed information as to the premises and the terms which the owner thereof was willing to accept, and furnished to said defendant photographs of the premises to be exhibited to said Frazee.  Plaintiff further alleges that by reason of the plaintiff's efforts and services, as aforesaid, said Frazee was made ready, able and willing to purchase said property from Armstrong upon the terms and conditions specified by said Armstrong, and did, in fact, so purchase said premises; that the defendant in bad faith for the purpose of defrauding the plaintiff of its commissions on the sale of said premises and for the purpose of obtaining a part of said commissions for himself, procured said Frazee's offer of purchase of said premises to be submitted to E. P. Hatch, Inc., and Kenneth Ives & Co., real estate brokers, said defendant having a secret agreement with said real estate brokers to receive from them one-half of any commission which they might receive for the sale of said premises; that by reason of the aforesaid, E. P. Hatch, Inc., and Kenneth Ives & Co. received a full commission for the sale of said premises, and the defendant was paid one-half of said commission by said real estate brokers, which was the sum of $6,250.  Plaintiff further alleges that, relying upon defendant's false statements and promises, as aforesaid, he was lulled into a state of false security, and wholly because thereof failed to introduce said Frazee to said Armstrong and failed to submit any offer of said Frazee to said Armstrong, and that solely by reason of said false statements and promises, the plaintiff failed to earn its commission from said Armstrong.  Plaintiff further alleges that the agreed and reasonable value of said commissions for introducing to said Armstrong a purchaser ready, able and willing to purchase said premises on the terms agreed upon, was the sum of $12,500; that there is now due and owing from the defendant to the plaintiff the sum of $6,250, being moneys had and received by the defendant for the use and benefit of the plaintiff and neither the whole nor any part of said sum has been paid the plaintiff, although payment thereof has been duly demanded by the plaintiff from the defendant; that by reason of the aforesaid the plaintiff has been damaged in the sum of $12,500.  Plaintiff

demands judgment against defendant in the sum of $12,500, besides interest from September 1, 1926.

The court at Special Term, to whom the defendant's motion was addressed, granted the same and dismissed plaintiff's complaint, with leave to plaintiff to serve an amended complaint within twenty days after service of a copy of the order of dismissal, with notice of entry thereof. I think the court at Special Term properly dismissed the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and that said complaint failed to state any cause of action against the defendant. Apparently the plaintiff's complaint was based upon a breach of contract on the part of the defendant. If so, then the complaint is clearly insufficient in that it fails to allege any contract binding upon the defendant. Nowhere in the complaint is it alleged that any promise was made by the defendant upon any consideration whatever. The appellant in its brief virtually abandons all attempt to sustain the complaint as based upon any contractual relation between the plaintiff and the defendant, and now seeks to recover herein upon the ground that the defendant perpetrated a fraud upon the plaintiff resulting in the damage alleged. I do not think the complaint can be sustained as alleging a cause of action for fraud. Nowhere in the complaint does the plaintiff allege that the defendant made any representation as to any existing fact. While it is true, as contended for by the plaintiff, appellant, that the statement of an existing intention is a statement of an existing fact, the complaint does not allege any existing intention on the part of the defendant. The complaint is barren of any allegation, either directly or by implication, that the respondent fraudulently or falsely represented that it was his intention to do a certain thing. All the complaint alleges is that the plaintiff, in the course of its business, interviewed the defendant, and that in the course of that interview the defendant stated and promised that he would endeavor to aid the appellant in selling the property referred to to one Frazee and would keep the appellant advised whether Frazee desired to purchase the property. If true, these statements were no more than mere promises or agreements to be kept and performed in the future. They can in nowise be considered as statements or representations of any existing fact. To be the basis of an action for fraud the false representation must relate to an existing fact. All that the plaintiff alleges is that the respondent promised that he would endeavor to aid the appellant to dispose of the property in question. It is nowhere alleged in the complaint that such promise was upon any consideration whatever. It is not alleged that for his services the defendant,

respondent, was to receive any compensation whatever. Indeed, the allegation of the complaint is that the plaintiff constituted the defendant the plaintiff's " gratuitous agent." There was, therefore, alleged no contractual relationship between the parties from which it can be said that the defendant was in duty bound to confer with the appellant or aid or endeavor to aid it in the sale of the property. Plaintiff does allege in its complaint that the statements were false and that it was the respondent's intention at the time the promises were made not to fulfill the same. Fraud cannot be founded solely upon a promise not performed even if the promisor never intended to fulfill the same. (*Adams* v. *Gillig*, 131 App. Div. 494; affd., 199 N. Y. 314.) In the case last above cited Mr. Justice WILLIAMS, writing for the Appellate Division, said:

" Appellant's counsel cites a line of cases apparently holding that a mere promise to do anything in the future will not when violated be a basis for the allegation of fraud, even if there was an intention at the time the promise was made to violate the same.

" Respondent's counsel cites another line of cases, however, apparently holding a contrary doctrine.

" These cases are sought to be distinguished by opposing counsel upon one ground and another. We do not desire to enter upon any analysis of these cases. Our judgment is that the law in this State is that *fraud cannot be founded solely upon a promise not performed, even if the promisor never intended to fulfill the same.* (See *Kley* v. *Healy*, 127 N. Y. 561.)" (Italics are the writer's.)

The Court of Appeals affirmed the Appellate Division, CHASE, J., writing for the Court of Appeals for affirmance (199 N. Y. 314, 318): " The rule is quite universal that statements promissory in their nature and relating to future actions must be enforced if at all by an action upon the contract." And (at p. 320) Judge CHASE further said: " A promise as such to be enforceable must be based upon a consideration, and it must be put in such form as to be available under the rules relating to contracts and the admission, of evidence relating thereto. It may include a present intention, *but as it also relates to the future it can only be enforced as a promise under the general rules relating to contracts.*" (Italics are the writer's.)

In *Adams* v. *Clark* (239 N. Y. 403), cited by appellant, the Court of Appeals, by POUND, J., said (at p. 410): " Although a false representation as to a state of mind may be a false representation of a· material fact (*Deyo* v. *Hudson*, 225 N. Y. 605, 612), it does not follow that every broken promise acted upon is actionable. *Mere promissory statements as to what will be done in the future are*

*not actionable.* (*People* v. *Miller*, 169 N. Y. 339, 350.) " (Italics are the writer's.)

In plaintiff's complaint there is no statement of any existing fact. All that the plaintiff alleges is that the respondent promised to do certain things in the future. The fact that respondent did not intend to keep his promise does not, under the authorities cited, give rise to a cause of action for fraud. The appellant seeks to sustain the complaint on the ground that the defendant's promise was of an intent to perform an act in the future when, in fact, the defendant did not intend to perform the act. However, the complaint does not contain any allegation of a declaration of an intent to perform an act in the future. The appellant also relies on the case of *Gabriel* v. *Graham* (168 App. Div. 847) as authority sustaining its complaint for fraud. I do not think *Gabriel* v. *Graham* is in point. Mr. Justice DOWLING, writing in that case, and discussing the case of *Adams* v. *Gillig* (199 N. Y. 314) quoted therefrom, as follows: " The intent of Gillig was a material existing fact in this case, and the plaintiff's reliance upon such fact induced her to enter into a contract that she would not otherwise have entered into." Mr. Justice DOWLING's opinion was dealing with a case where there were affirmative statements of a present existing intention. It was further stated in *Gabriel* v. *Graham* (*supra*): " The court called attention as well to the difference between representations of an existing intention (which is a fact) and those which are merely promissory and contractual in their nature, the latter being enforceable only under the rules relating to contracts."

Counsel for the appellant also contends in his brief on appeal that the respondent should in any event be held accountable for the moneys which he received on the theory that he was an agent of the appellant and should not be permitted to retain any secret profit made by him by a fraudulent device. No fraudulent device, under the rule stated, was alleged in the complaint. As a matter of fact the defendant was not and did not act as the agent of the appellant. The only allegation in the complaint is the conclusion of the pleader that the plaintiff duly accepted defendant's offer " and thereby constituted the defendant the plaintiff's gratuitous agent." Clearly no enforcible contract existed between the parties and as before stated it is not now claimed that there can be a recovery upon contract. I know of no way in which plaintiff could constitute the respondent its agent. All that the plaintiff alleges is that he interviewed the defendant and that the defendant offered gratuitously to aid the plaintiff. There was no promise

44

that he would do so, and he was to receive no compensation for his services. It seems to me absurd to contend that under such circumstances the plaintiff could have constituted the defendant its agent and made him responsible to plaintiff for failure to perform his promise. The Court of Appeals in *International Products Co.* v. *Erie R. R. Co.* (244 N. Y. 331) stated (at p. 337): " Not every casual response, not every idle word, however damaging the. result, gives rise to a cause of action." And (at p. 338) the Court of Appeals in the same case said: " Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care. (*Jaillet* v. *Cashman*, 235 N. Y. 511.) An inquiry made of a stranger is one thing; of a person with whom the inquirer has entered or is about to enter into a contract concerning the goods which are or are to be its subject is another. Even here the inquiry must be made as the basis of independent action."

Plaintiff and defendant were strangers. No contractual relationship was established between them. There was no agreement as to any consideration to be paid to the defendant. There was no right or benefit to be yielded or given up by the appellant. Therefore, the appellant was powerless without the acquiescence of the defendant to constitute him its agent and impose upon him any duty to fulfill his promise or account to the appellant for anything he might do in the future. Clearly the appellant cannot sustain its complaint as upon an action for money had and received, as such an action is based upon a contractual or fiduciary relationship. The plaintiff alleges in its complaint that because of the defendant's promises the plaintiff was lulled into a state of false security and failed to introduce Frazee to its client, Armstrong. There was nothing to prevent the plaintiff from submitting Frazee's name to Armstrong or from itself conferring with Frazee. Respondent did not ask the plaintiff to refrain from conferring with Frazee, and there was no reason why the plaintiff might not have done so had it desired. I do not think the complaint shows any facts or allegations requiring the performance by respondent of gratuitous services for plaintiff, and no reason why the plaintiff should have accepted or relied upon the defendant to do so. I think the complaint was clearly insufficient as stated by the justice presiding below. If the plaintiff was suing upon contract, then no binding contract was alleged. In seeking to sustain the complaint as an allegation of fraud the plaintiff must fail because it nowhere alleges in its complaint that the defendant, respondent, made any

statement or representation as to any existing fact, and at most alleges a promise on the part of the respondent to do certain things in the future. Such a promise does not form the basis of an action for fraud.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.