SCAROON MANOR OPERATING CORPORATION, Plaintiff, *v.* W. P. & L. REALTY CORPORATION and Others, Defendants.

Supreme Court, New York County, April 14, 1930.

*Appel & Tannenbaum* [*Samuel W. Tannenbaum* of counsel], for the plaintiff.

*Silver & Hennock* [*Harry C. Kane* of counsel], for the defendants.

LEVY, J. The amended complaint alleges that the defendants represented (1) that defendant Cone had leased the store in question, (2) that he would occupy it, and (3) that he would pay the rent for it and perform all the terms of the lease. It alleges further that these representations were false in that Cone never intended to enter into possession or pay rent or otherwise perform any of the terms of the lease. It seems to me that as to Cone the misrepresentation is not merely promissory in nature, for " ' the existence or non-existence of an intention in the mind of a man at a given moment is as much a fact as the existence or non-existence of any other thing.' " (*Gabriel* v. *Graham*, 168 App. Div. 847, 849.) As to the other defendants, it is alleged not only that they knew that the representations were false, but also that the representations were actually made in furtherance of a conspiracy on their part to cheat and defraud. It would appear, therefore, that said defendants are properly charged with having made false representations as to an existing fact.

The point made by the defendants that no damage resulted to the plaintiff, since the lease to Cone could be enforced, strikes me as being utterly without merit. Plaintiff was induced to believe that it was getting a lease and not a lawsuit, and it avers that, as a result of the false representations, it paid more than " the true value of the property." Property leased to a tenant who is meeting his obligations is obviously worth more than if leased to one who is not performing his covenants. It would seem that this requires no great effort at elucidation. It may be that the measure of damages relied upon by plaintiff is not the proper one (*Reno* v. *Bull*, 226 N. Y. 546), but some damage there was if plaintiff as it claims, was led to pay more than the true value of the property.

As to the contention that plaintiff is not the proper party in interest, suffice it to point out that it is alleged that the representations were made to the plaintiff as well as to its assignor; that they were made with the intent to induce plaintiff, as well as its assignor, to act upon them; that they both did act upon them; and that plaintiff paid too much and was damaged as a result.

The motion to dismiss is accordingly denied. Order signed.