Thomas C. Chimera, J.
Defendants in their memorandum clearly indicate the basis of this motion ostensibly brought pursuant to rule 113 of the Rules of Civil Practice. ‘1 The issue on this motion for summary judgment is purely one of law. We contend that the statute of frauds is an absolute bar to plaintiff’s action both at law and in equity.”
Plaintiff brings the within action to impress a trust upon premises alleged in the complaint to have been acquired by defendants pursuant to the latters’ alleged fraudulent representations made to plaintiff’s agent that they would advance the funds necessary to enable plaintiff to take title to the premises which plaintiff had under contract of sale with the Republic of Haiti.
It may well be, as defendants contend, that plaintiff is not entitled to equitable relief. I do not reach that question. That question shall have to await a motion, under the proper rule of civil practice, addressed to the pleading itself. A motion for summary judgment is not directed to the pleadings. It deals only with the question whether there are triable issues of fact in the ease. (Recckio v. Recckio, 273 App. Div. 1057; Miorin v. Miorin, 257 App. Div. 556.)
The facts pleaded in the complaint are substantially contradicted by defendants.
Assuming the truth of the facts pleaded in the complaint, however, plaintiff has an adequate remedy at law, for, “It is well settled that a declaration of a present intention, false when made, to perform an act in the future constitutes a false representation of an existing fact” and is the basis of liability *481 (Pease & Elliman v. Wegeman, 223 App. Div. 682, 684; Gabriel v. Graham, 168 App. Div. 847).
The complaint insofar as it pleads a false expression of defendants ’ intention, communicated through one of them acting in behalf of all of them, to do some act, made to plaintiff’s agent with intent to cheat and defraud plaintiff thereby lulling plaintiff into a false sense of security, to her damage and to defendants’ enrichment, and which pleads all other necessary elements, at the very least, would state a good cause of action for damages in fraud and deceit (Pease and Gabriel, supra), if such were the prayer for relief.
Such a cause of action would not necessarily be grounded in breach of oral contract and in the opinion of this court would not be barred by the Statute of Frauds. But, even assuming that plaintiff intended to plead a breach of oral contract, whether such a contract in enforcible under the Statute of Frauds should not generally be determined summarily, but at the trial. There would then be here “ a controversy as to the existence, the content and effect of the oral agreement * * ® best determined upon a trial of the issues” (Jacobson v. Jacobson, 268 App. Div. 770). Accordingly, the motion is denied.