GORDON E. BAILEY et al., Respondents, v DIAMOND INTERNATIONAL CORPORATION et al., Appellants.

Third Department, April 24, 1975

*Christopher B. Acker* for appellants.

*Robert A. MacKinnon* for respondents.

SWEENEY, J. Plaintiff, Gordon Bailey, is a logger, and the plaintiff corporation is a close corporation of which plaintiff and his wife are the officers and sole stockholders. Plaintiffs allege that certain contracts were entered into with defendant Diamond International Corporation for the cutting of logs and pulpwood on various tracts of land owned by said defendant.

Defendants McGowen and White are employees of the defendant corporation. The complaint contains seven causes of action, the first of which is not involved in this appeal. The second cause of action is against the defendant corporation and White, and the third through seventh causes of action are against all three defendants.

Initially, a motion was made by defendants to dismiss the complaint upon all the pleadings and proceedings had therein on the ground that it failed to state a cause of action. Special Term, however, treated that motion as one for summary judgment. The order appealed from and the notice of appeal recite that defendants' motion for summary judgment was denied. Furthermore, in the defendants' statement under CPLR 5531 it is stated that the appeal is from an order denying defendants' motion for summary judgment under CPLR 3212. The summons, amended complaint, answers, and transcripts of examinations before trial, together with affidavits of the respective parties were submitted on the motion. Accordingly, for the purposes of this appeal, we will treat the motion as one for summary judgment.

Defendants contend that the essential elements of fraud and misrepresentation have not been alleged in the second, third, fourth and fifth causes of action. While the amended complaint is deficient in many respects, on this motion for summary judgment the criterion to be applied is whether the plaintiffs have a cause of action, not whether they have properly stated one. (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.44; *Kelly v Bank of Buffalo,* 32 AD2d 875.) To sustain a cause of action in fraud there must be a representation of fact which is untrue and known to be untrue, or recklessly made, offered to deceive the other party and induce him to act upon it, causing injury. *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119.)

From an examination of the record as a whole, plaintiffs claim with respect to the second, third and fifth causes of action that certain agreements were entered into by plaintiff and/or the plaintiff corporation for the cutting of certain hardwood owned by the corporate defendant on its land, and for the cutting and delivery of pulpwood from such land to the defendant at its Ogdensburg plant; that for access to said wood plaintiffs were promised that a certain right of way would be available in the near future; that said right of way was never given to plaintiffs; and that as a result of the

defendants' misrepresentations and fraud substantial damages were sustained. Plaintiff Bailey claims that defendants McGowen and White assured him that the right of way would become available to him after the conclusion of a lawsuit brought by third parties to prohibit the corporate defendant's use of said right of way, and, since said lawsuit was decided against the defendant, plaintiffs were barred from using said right of way. The record clearly reveals that, as to the outcome of the lawsuit, defendants' assurances were predictions and statements of expectations only. They do not rise to the level of misrepresentation of an existing fact which is required to sustain a cause of action in fraud. "Mere promissory statements as to what will be done in the future are not actionable." (Adams v Clark, 239 NY 403, 410.) In this case the alleged representation did not relate to a known, certain and definite existing fact, but to the unpredictable result of litigation. Under such circumstances, it was neither an affirmation of an event which, when made, defendants knew would not occur, nor was it an assertion of present fact susceptible of defendants' knowledge. Particularly is this true in view of the fact that the outcome of the lawsuit was a matter completely removed from defendants' control. We conclude, therefore, that the second, third and fifth causes of action cannot be maintained as a matter of law.

The fourth, sixth and seventh causes of action stand on a different footing. On the whole record, by the fourth cause of action, the corporate plaintiff contends that it obtained a right of way over lands belonging to another at a cost of $3,000 for which defendants expressly represented and guaranteed reimbursement and that such guarantee was fraudulent. In the sixth and seventh causes of action plaintiffs maintain that they were instructed by defendants to cut pulpwood in an area eight miles beyond the area in which they agreed to cut; that defendants led them to believe they would not have to cut in such area because of its inaccessability; that as a result they were forced to construct a roadway on lands of defendant entailing the purchase of material and equipment in order to gain access thereto; and that in reliance on promises made by defendants, plaintiffs lost large sums of money. Involved in these causes of action are promises of present intention. If proved, they would constitute false representations of existing facts. (Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403; Adams v Clark, supra; Adams v Gillig, 199 NY 314; Gabriel v Graham, 168 App Div 847.) Since these causes of

action sound in tort, the fact that the contracts between the parties provide that any modification thereof shall be in writing does not affect plaintiffs' claims of fraud. *(Channel Master Corp. v Aluminum Ltd. Sales, supra,* p 408.) As to defendants McGowan and White, they would be personally liable to plaintiffs for damages caused by their false representations, though acting on behalf of their employer and receiving no benefits. *(Spraights v Hawley,* 39 NY 441.) The defendant corporation would also be liable if it ratified the acts of its agents and has retained benefits therefrom. *(Fairchild v McMahon,* 139 NY 290.)

On this record, there is a prima facie showing of fraud and misrepresentation and the fourth, sixth and seventh causes of action, if proved, would entitle plaintiffs to relief. There are, however, several issues of fact which require a trial, and Special Term correctly denied summary judgment as to these causes of action.

The order should be modified, on the law, so as to grant summary judgment with respect to the second, third and fifth causes of action, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., KANE, LARKIN and REYNOLDS, JJ., concur.

Order modified, on the law, so as to grant summary judgment with respect to the second, third and fifth causes of action, and, as so modified, affirmed, without costs.