### SUYDAM v. HEALY.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. BROKERS—REAL ESTATE—SALE—COMMISSIONS.

Where a real estate broker was employed to exchange certain property for defendant, and he found a person who was ready, willing, and able to perform his part of the agreement on the terms named by defendant, the broker thereby earned his commission, notwithstanding defendant, after first agreeing to the exchange, subsequently refused to complete the same.

Appeal from Trial Term.

Action by Frank W. Suydam against James B. Healy. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

M. F. McGoldrick, for appellant.

W. P. Douglass, for respondent.

PER CURIAM. The plaintiff was a real estate broker, and was concededly employed by the defendant to exchange certain property on Fulton street, borough of Brooklyn, for other property in the same borough. There is no dispute that the plaintiff procured a person ready, willing, and able to enter into an agreement for the exchange of property upon the terms dictated by the defendant, and the only conflict of evidence of any importance was upon the question of whether the defendant was willing to close the contract after the work had been done. If it were material, the evidence is sufficient to support the finding of the jury; but, as we look at the case, the plaintiff had earned his right to a commission when he had found a person who was ready, willing, and able to perform his part of the agreement upon the terms named by the defendant. If there is any conflict of evidence in this respect, it is a mere quibble as to whether the defendant had agreed to all of the details; both properties being subject to mortgages, which the case appears to assume were to be taken care of by the purchasing party in each case. The evidence is, however, that the Fulton street property was to be exchanged at an agreed valuation of $50,000, that this property was mortgaged for $30,000, and that the property offered in exchange consisted of 30 lots, valued at $500 to $1,100 each, to which was to be added $5,000 in cash. These 30 lots were subject to a mortgage of $7,000, so that it appears that the defendant was getting about the amount agreed upon as the value of his Fulton street property. The evidence, if disputed, is sufficient to warrant the jury in finding that he agreed to this exchange after looking over the 30 lots, and the fact that he afterward refused to enter into a contract of exchange does not affect the plaintiff's right to his commission. Charles v. Cook, 88 App. Div. 81–83, 84 N. Y. Supp. 867, and authorities there cited.

The judgment and order appealed from should be affirmed, with costs.

¶ 1. See Brokers, vol. 8, Cent. Dig. §§ 81, 94.