(136 App. Div. 859.)

PHILLIPS v. KRAFT et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

BROKERS (§ 54*) — REAL ESTATE AGENT — PROCURING PURCHASER — RIGHT TO COMMISSION.

Plaintiff brought a prospective purchaser to defendants, who signed a receipt for a deposit fixing the price, and stipulating when title should be passed and the formal contract signed; but when the parties met therefor defendants also demanded payment of taxes, which the purchaser would not consent to, but offered to pay taxes if he could have possession prior to the time before agreed on, and to take the premises subject to certain fence encroachments not mentioned in the receipt. Defendants would not agree to this, and no contract was signed. *Held*, that plaintiff produced a purchaser willing to complete the purchase on terms more burdensome than was contemplated by the original writing, and was entitled to his commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Samuel Phillips against John Kraft and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

H. Cook (Nathan April, on the brief), for appellant.
Charles S. Carrington, for respondents.

WOODWARD, J. This action is to recover $50, alleged to have been earned by the plaintiff as a real estate broker in procuring a purchaser of the defendants' house and lot. On August 13, 1903, the plaintiff, at the request of the defendants, brought to them a prospective purchaser of the premises in question; and, after the payment of the required deposit, the defendants signed the following receipt:

"Aug. 13/09.

"Rec'd of Mr. Jos. Blaustein fifty dollars deposit on house No. 401 14th St. The price is ($4,400) forty-four hundred dollars. Fifteen hundred ($1,550) cash, and the seller agrees to take back a second mortgage of six hundred ($600) for one year and six months, one hundred and fifty ($150) dollars to be paid on signing of contract. Title to be passed on Oct. 14th, 1909. Sign contract on Saturday evening, Aug. 14th, 1909.        [Signed]   John Kraft,
                                                                            "Luise Kraft."

On the following evening the purchaser and the defendants met to sign the contract. The defendants then insisted that the purchaser pay, in addition to the amounts specified in the foregoing receipt, the

taxes which would be a charge on the premises at the time fixed for passing title, October 14, 1909. The purchaser would not consent to this, but offered to pay all taxes due up to September 1, 1909, if he could have possession at that time. He also offered to take the premises subject to certain fence encroachments, which were not mentioned in the writing of August 13th. The defendants would not agree to the purchaser's proposition in regard to the taxes, and no contract was signed.

The writing of August 13th served to fix the terms of sale and the details of closing the transaction, and contemplated the execution of a formal contract. The plaintiff procured a purchaser able, ready, and willing to complete the purchase upon the terms prescribed by the defendants in the writing of August 13th. The defendants thereupon imposed further terms, which amounted to an increase in the price at which they had offered the property to the prospective purchaser. Under these circumstances the plaintiff should not be deprived of the fees that he had earned. "If the efforts of the broker are rendered a failure by the fault of the employer," said Judge Finch in Sibbald v. Bethlehem Iron Company, 83 N. Y. 378, 384, 38 Am. Rep. 441, "if capriciously he changes his mind after the purchaser, ready and willing, and consenting to the prescribed terms, is produced, * * * then the broker does not lose his commissions."

The plaintiff produced a purchaser who was not only ready and willing to complete the transaction according to the terms prescribed by the defendants, but who was willing to complete the purchase upon terms more burdensome to him than those contemplated by the writing of August 13th. He earned his commissions.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.