LOUIS NEUER, Appellant, *v.* LOUIS JAFFE, Respondent.

Second Department, May 18, 1917.

**Principal and agent — action for broker's commissions on sale of realty — proof establishing prima facie meeting of minds upon essentials of contract — when seller cannot plead change of mind prior to execution of formal contract.**

Where, in an action for broker's commissions on the sale of realty proof presented by the plaintiff that the parties met, agreed upon the exchange prices of the defendant seller's realty and of the purchaser's realty, the amount of cash that the latter must pay, the amount and character of certain incumbrances, the method whereby the differences in the equities was to be settled, and the time for the passing of title —

thirty days or sooner if the attorneys could be in readiness, and that they thereby agreed to meet at a later definite day and hour to execute a formal contract, establishes *prima facie* a meeting of minds upon the essentials of a contract, and it was error to dismiss the complaint upon the merits. If at a later day and before the time appointed for the formal contract the seller arbitrarily or capriciously changed his mind, he cannot plead that change as if there had been no meeting of minds.

APPEAL by the plaintiff, Louis Neuer, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of Kings on the 30th day of October, 1916, reversing a judgment of the Municipal Court of the City of New York, borough of Brooklyn, fourth district, and dismissing the complaint upon the merits.

*Louis B. Boudin* [*Joseph J. Schwartz* and *Alexander Sachs* with him on the brief], for the appellant.

*Max E. Levine,* for the respondent.

PER CURIAM:

The action is for broker's commissions on the sale of realty. The Municipal Court gave judgment for the plaintiff, but the Appellate Term reversed that judgment and dismissed the plaintiff on the merits, in that he did not bring about an agreement or meeting of the minds of the parties to the proposed exchange, saying, " This is so clearly shown that a new trial could not change the result, the plaintiff having disclosed fully the proofs at his command upon the present trial.

We think that the plaintiff presented a case that did not justify his dismissal upon the merits.  The proof adduced by him is that the proposed parties met, agreed upon the exchange prices of the defendant seller's realty and of the purchaser Levine's realty, the amount of cash that the latter must pay, the amount and character of certain incumbrances, the method whereby, outside of cash payments, the difference in the equities was to be settled, and the time for the passing of title—thirty days or sooner if the attorneys could be in readiness, and that they thereupon agreed to meet at a later definite day and hour to execute a formal contract.

It seems to us that this proof established *prima facie* a meeting of minds upon the essentials of a contract.  If at a later day and before the time appointed for the formal

contract the seller arbitrarily or capriciously changed his mind, he cannot plead that change as if there had been no meeting of minds. (*Sibbald* v. *Bethlehem Iron Company*, 83 N. Y. 378; *Phillips* v. *Kraft*, 136 App. Div. 859; *McQuillen* v. *Carpenter*, 72 id. 595; *Pullich* v. *Casey*, 43 id. 122.) In *Wyckoff* v. *Bliss* (12 Daly, 324, 328) the court, writing of the broker in that case, say: " He has other and additional duties, however, where in the course of negotiation, he is required by his employer to bring the other party to terms upon any particular point. There is nothing of the kind in this case; for after the offer made to the defendant by Smith they proceeded to negotiate and came to an agreement. I think the duty of plaintiff under his employment was to do no more than to bring to defendant a party who would agree to an exchange of property on defendant's terms. He brought Smith to defendant, they agreed upon terms satisfactory to defendant, and his duty was done."

We reverse the order of the Appellate Term, and order a new trial in the Municipal Court, costs to abide the event.

JENKS, P. J., THOMAS, STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order of the Appellate Term reversed, and a new trial ordered in the Municipal Court, costs to abide the event.