ELLSWORTH C. WOOSTER, Appellant, *v.* ALBERT J. METZ, Respondent.

Fourth Department, March 17, 1926.

Brokers — real estate broker — vendor cannot defeat broker's right to commission by withdrawal of offer after purchaser has been produced — prior offer containing reservation of right to withdraw does not control.

A vendor of real property cannot defeat a broker's right to commission by the withdrawal of his offer after an agreement has been reached between the vendor and a purchaser who is ready, able and willing to complete the purchase under the terms offered.

A prior offer submitted to the broker which contained a right on the part of the vendor to withdraw his offer at any time and which contained terms differing from those under which the purchaser finally agreed to buy, has no application to the subsequent offer and does not give the vendor the right to withdraw the second offer.

APPEAL by the plaintiff, Ellsworth C. Wooster, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 25th day of August, 1925, upon the order of the court made at the Erie Special Term, affirming a judgment of the City Court of Buffalo in favor of the defendant, and also (as stated in notice of appeal) from said order, entered in said clerk's office on the same day. (See Buffalo City Court Act [Laws of 1909, chap. 570], § 55, as amd. by Laws of 1916, chap. 428.)

*Elmer R. Weil*, for the appellant.

*Philip Catalano*, for the respondent.

DAVIS, J. The action was brought by a real estate broker for his commissions alleged to have been earned in procuring a purchaser for the two-flat house owned by the defendant.

Negotiations between plaintiff and defendant relative to the sale of the property were conducted in March, 1924. The plaintiff

20

procured a prospective purchaser, one Wagner. About March eighteenth defendant delivered to plaintiff an unsigned memorandum containing his selling price and general terms of sale, mentioning Wagner by name, concluding with, " This offer expires March 25th, 1924, and I reserve right to withdraw same at any time."

Wagner did not assent to the terms proposed. Then new negotiations began, a new purchase price was agreed upon, and adjustments were made between the parties as to certain rents. These terms were satisfactory to defendant and he directed plaintiff to prepare a written contract. The latter prepared it and on March twenty-first submitted it to defendant who pointed out some slight errors in the contract as written. In all material respects it was satisfactory. Defendant declined to sign it at that time for the reason that he and his wife were superstitious about signing a contract on Friday. When presented again on the following Monday, the defendant refused to sign on the ground that he had looked around to procure another place and could not better himself. These facts are as stated in the testimony of defendant and his wife.

Plaintiff's complaint was dismissed in City Court and the judgment was affirmed at Special Term, evidently on the theory that the defendant had a right to withdraw at any time from any proposals he made to sell and that until a sale was actually consummated by a signed contract, the broker could earn no commission.

We reach a different conclusion. The written memorandum was in effect an offer to sell the property to Wagner under certain definite terms which the latter might accept within the time given, but which, before acceptance, or perhaps even before consummation, might be withdrawn. It, of course, gave notice to the broker that his labors might become vain through such withdrawal. The language " to withdraw same at any time " refers to " this offer." It did not in our opinion constitute a general reservation as to subsequent offers. The language under these circumstances must be construed most strongly against the writer. (See *Hopwood* v. *Corbin*, 63 Iowa, 218.)

The further negotiations resulted in a new agreement upon different terms and nothing was said by defendant about reserving the right to withdraw from that. On the contrary, he positively accepted it and directed plaintiff to draw up a written contract which he examined, suggesting minor corrections. The agreement to sell not being in writing could not be enforced by the purchaser; but as the plaintiff had procured a purchaser ready, able and willing to perform on the terms stipulated by defendant,

the latter's capricious refusal to complete the sale could not deprive plaintiff of the commissions he had earned. (*Mooney* v. *Elder*, 56 N. Y. 238; *Suydam* v. *Healy*, 93 App. Div. 396.)

The judgment of the Special Term and of the City Court should be reversed on the law and facts, with costs to the appellant in all courts to abide event, and a new trial granted in the City Court of Buffalo.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment of Special Term and judgment of Buffalo City Court reversed on the law and facts, and a new trial granted in the City Court, with costs in all courts to appellant to abide event.