Randolph W. Matteson and Harvey L. Boyer, Trading as Randolph W. Matteson & Company, Appellant, v. Charles C. Walker, Appellee.

Gen. No. 32,452.

Opinion filed June 20, 1928.

BERNSTEIN, ZOLLA & BERNSTEIN, for appellant.

CASSELS, POTTER & BENTLEY, for appellee; KENNETH B. HAWKINS, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The plaintiff, a firm of real estate brokers in Chicago, sued the defendant for a real estate commission for having produced a purchaser ready, willing and able to purchase the property of defendant, numbered 172 North Michigan Avenue, Chicago, averring that the employment was duly authorized by defendant's agent, one Cyrus Bentley.

The defendant moved to strike plaintiff's statement of claim from the record and to enter judgment for the defendant. The motion to strike was allowed; the motion for judgment was not allowed, and plain-

tiff was ruled to file an amended statement of claim within five days. No amended statement of claim was filed, as plaintiff elected to stand on its original statement ordered stricken by the court. Thereupon plaintiff's suit was dismissed for failure to file such amended statement with a judgment for costs against plaintiff. Plaintiff prayed and perfected an appeal from said judgment to this court, and the record is now before us for review.

The agent of defendant Walker, Cyrus Bentley, wrote to plaintiff on August 14, 1925, a letter which reads:

"In order that there may be no misunderstanding I am writing what I said to you the other day; Mr. Charles C. Walker will pay to you a 3% commission on the sale to Berman of the property at 172 North Michigan Avenue if the sale is actually consummated but not otherwise; if the deal falls through and the sale is not made, whatever the reason may be, Mr. Walker will pay no commission. Will you kindly sign the receipt at the bottom of the carbon copy which accompanies this original letter.

"Mr. Barry Gilbert of this office will act for me in the matter referred to during my absence."

Plaintiff accepted the terms of said letter in the manner as therein indicated. Plaintiff set forth in its claim that by the terms of said letter they were authorized by defendant to sell defendant's property therein described, and they aver that they procured a purchaser for the property, named Phil Berman, who was ready, willing and able to purchase the property and pay therefor the sum of $285,000, and plaintiff further alleges that defendant authorized Bentley to prepare a contract; that Bentley did prepare such a contract, which Berman signed and deposited $10,000 as earnest money; that defendant refused to sign the contract or to sell the property to Berman, and further averred

that the amount of commission rightfully due them was $8,550, being 3 per cent of the purchase price above named.

There is but one point for decision, and that arises under a construction to be placed upon the contract encompassed within the letter of Bentley to plaintiff, dated August 14, 1925. There is no dispute concerning plaintiff's having produced a purchaser within the terms named in the Bentley letter. The nub of the contract for our decision rests in the following words: "if the deal falls through and the sale is not made whatever the reason may be, Mr. Walker will pay no commission." It is not disputed that plaintiff would have been entitled to the commission but for the foregoing clause. The words of the contract are not at all ambiguous. It gave defendant the right to refuse to approve any sale made in virtue of the terms stated in the letter. Under the Bentley letter the commission was only payable upon the consummation of a sale, and while it may seem arbitrary for defendant to refuse to carry out the sale negotiated by plaintiff, yet the parties must be bound by their contract and the right to recover such commission is not confined to the negotiation of the sale, but there must be something more than that under the terms of the contract. There must be an actual consummation thereof, and there was no consummation of the sale. The provision is explicit that "if the deal falls through and the sale is not made whatever the reason may be, Mr. Walker will pay no commission." It is not disputed that the sale alleged to have been negotiated by plaintiff was not consummated, and that it did fall through by reason of defendant's refusal to sign the contract of purchase procured by plaintiff and signed by Berman.

Plaintiff made the contract of his own volition, free and untrammeled, with defendant, and by its terms both parties thereto are bound. There is no ambiguity in the language used to express the intention of the

parties, and therefore there is nothing left for construction. It may be an unfortunate contract for plaintiff, but nevertheless, it is binding. Even a court of equity would not, if applied to, make a new contract for the parties in the absence of a charge of fraud, as held in *Ziegler v. Illinois Trust & Savings Bank*, 245 Ill. 180. Courts will enforce contracts according to their terms. No rights can be adjudicated which are not covered by the express terms of the contract. Plaintiff well knew that the contract provided that before commissions were payable the sale should be actually consummated, and that if it was not actually consummated no commissions were payable. Under the contract defendant was given the right for any reason to refuse to carry out its terms. As no sale was made binding on defendant, he is not liable to pay the commission demanded by plaintiff. Plaintiff was aware of the conditions and the law will presume that he intended to be bound by them. There is no charge of *mala fides* in obtaining the contract, so that there is no reason why plaintiff should be allowed to escape from its binding terms. When plaintiff entered into the contract the risk that defendant would not execute a contract of sale, and thereby become bound to pay the commission, was one arising from the terms of the contract executed by plaintiff. Under the averments of the statement of claim plaintiff does not state a cause of action against defendant for commissions. *Tackett v. Powley*, 130 Ill. App. 97, cited by plaintiff in which the court said, "unless there is some provision in the agreement or contract of employment to the contrary, a broker is entitled to his commission" etc., fails to sustain what plaintiff claims for it. However it is in point as sustaining the contention of defendant, for the reason that there is a provision to the contrary in the contract between the parties set forth in plaintiff's statement of claim. The only excuse de-

fendant has for not executing the contract of sale produced by plaintiff is the express terms of the agreement between the parties set out in plaintiff's statement of claim.

Plaintiff's counsel stigmatize the action of defendant as arbitrary. This may be true, but the right to be arbitrary is reserved to him by the express terms of the contract. Much more might be said to demonstrate that the ruling of the learned trial judge was without error, but enough has already been said to demonstrate the correctness of the judge's ruling.

For the foregoing reasons the judgment of the municipal court is affirmed.

*Affirmed.*

WILSON and TAYLOR, JJ., concur.