HELLER & HENRETIG, INC., Respondent, v. 3620–168TH STREET, INC., Appellant.

Argued January 10, 1951; decided April 12, 1951.

*William Sparago* for appellant. I. The agreement dated March 5, 1947, was not ambiguous; and it was prejudicial error to leave its meaning to the jury as a question of fact. (*Saum* v. *Capital Realty Development Corp.*, 268 N. Y. 335; *Colvin* v. *Post Mtge. & Land Co.*, 225 N. Y. 510; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67.) II. The Appellate Division erred in its ruling upon the prior appeal (274 App. Div. 1007, which became the law of the case upon the new trial) that even if the agreement was not ambiguous, the seller's arbitrary refusal to execute the contract of sale would excuse that execution as a condition precedent to the payment of the brokerage commission. (*Saum* v. *Capital Realty Development Corp.*, 268 N. Y. 335; *Williams* v. *Ashner*, 152 App. Div. 447; *Fuller* v. *Bradley Contr. Co.*, 183 App. Div. 6, 229 N. Y. 605.) III. There was no proof by plaintiff that it had procured an acceptable purchaser of sufficient financial ability to go through with the proposed transaction. (*Herron* v. *Cameron*, 144 App. Div. 43; *Mutchnick* v. *Davis*, 130 App. Div. 417; *Corbin* v. *Mechanics & Traders' Bank*, 121 App. Div. 744.) IV. Serious and prejudicial error was committed in admitting in evidence, over objection and denial of motion to strike out,

testimony concerning discussions as to the amount of commissions prior to the execution of the agreement for brokerage of March 5, 1947.

*Myron Perla Gordon* for respondent. I. The agreement regarding payment of commissions was not intended to defeat plaintiff's right to commissions where there was a "wilful default" by the seller. In any event, the meaning of that agreement was a question of fact. (*Wenig* v. *Glens Falls Ind. Co.*, 294 N. Y. 195; *Evelyn Bldg. Corp.* v. *City of New York*, 257 N. Y. 501; *Taylor* v. *United States Cas. Co.*, 269 N. Y. 360; *Price* v. *Spielman Motor Sales Co.*, 261 App. Div. 626; *Reliable Press, Inc.*, v. *Bristol Carpet Cleaning Co.*, 261 App. Div. 256.) II. The Trial Judge having specifically refused to charge that the seller's arbitrary refusal to execute the contract of sale would excuse that execution as a condition precedent to payment of commissions, the holding to that effect by the Appellate Division upon the first appeal (274 App. Div. 1007) is now moot. In any event, there was no error in that ruling and defendant should not be permitted to take advantage of its own bad faith. (*Pearce* v. *Knepper*, 53 N. Y. S. 2d 845, 269 App. Div. 829.) III. There was proof that plaintiff procured a purchaser ready and willing to purchase upon the agreed terms. The purchaser having been accepted by appellant, there was no need to prove his financial ability. (*Rosenblatt* v. *Bergen*, 237 N. Y. 88; *Goldmann* v. *Goldmann Realty Corp.*, 227 App. Div. 28; *Brand* v. *Nagle*, 122 App. Div. 490.) IV. There was no error in admitting testimony as to discussions of commissions prior to the written agreement of March 5th.

LEWIS, J. The problem presented by this appeal requires us to interpret a brokerage contract which governs the plaintiff's right to commissions upon a sale of real estate which failed of consummation.

The plaintiff is a licensed real estate broker. The defendant is the owner of an apartment building in the borough of Queens, New York City, which in January, 1947, was listed for sale with the plaintiff. From the record before us it appears that when efforts by the plaintiff had produced a customer who indicated an interest in the defendant's property and who — according to the broker's testimony — was thereafter ready, able and

willing to purchase the same, arrangements were made for the parties concerned to meet at an agreed place on March 5, 1947, to sign a contract of sale. Due to a misunderstanding which caused the transaction to be held in abeyance, no contract of sale was signed by the defendant seller and the plaintiff's customer at the appointed time and place. However, at that appointed time and place a brokerage agreement was entered into between the defendant seller and the plaintiff broker which fixed the conditions under which plaintiff's commissions were to be paid. That agreement has become the basis for the present action which the plaintiff as broker instituted against the defendant after the defendant refused to execute a contract of sale to plaintiff's customer.

Insofar as material to our inquiry the contract in suit provides: "It is hereby agreed that the said brokerage shall become due and payable only upon the actual closing of title and delivery of the deed under the said contract which is to be executed by the purchaser as aforesaid; that if for any reason whatsoever the contract of sale shall not be executed and delivered as aforesaid, or if the title shall not be closed and the deed be delivered under the contract of sale for any reason whatsoever except for the wilful default of the seller, the undersigned hereby agrees that there shall be no brokerage or compensation due to the undersigned."

The excerpt from the brokerage contract quoted above clearly indicates that the parties to this action intended by their agreement to burden with conditions the right of the plaintiff to commissions as broker. Commissions were to be due plaintiff from the defendant as seller only in the event title was actually closed and a deed delivered and were expressly made subject to the occurrence of *either* of two contingencies which would deprive the plaintiff of brokerage:

(1) " if for any reason whatsoever the *contract of sale* shall not be executed and delivered as aforesaid " *or*

(2) " if *the title* shall not be closed and the deed be delivered under the contract of sale for any reason whatsoever *except for the wilful default of the seller* ". (Italics supplied.)

The first of the two contingencies mentioned above relates to the signing of a contract of sale; the second contingency is independent of the first and relates to the closing of title. Mani-

festly, upon the occurrence of the first contingency the plaintiff would be entitled to no commissions. Upon the occurrence of the second contingency the plaintiff would be entitled to no commissions " except for the willful default of the seller ". As the agreement makes the two contingencies separate and independent, the clause " except for the wilful default of the seller " clearly modifies and applies only to the second contingency relating to the closing of title.

The plaintiff conceded on the trial that its present action for brokerage commissions is based upon the writing it signed on March 5, 1947, from which the excerpt quoted above was taken. In the absence of proof of bad faith in the execution of that agreement between the plaintiff as broker and the defendant as seller, and the agreement being unambiguous, as we conclude, it follows that — upon the defendant's failure to execute a contract of sale — the plaintiff is bound by the provision to which it agreed that it would receive no brokerage or compensation if " for any reason whatsoever " a contract of sale was not executed and delivered.

Where, as in this case, the contracting parties have stated the terms of their agreement by language which makes clear their intention, our decision is governed by the rule that — " The construction of a plain contract is for the court. The intention of the parties is found in the language used to express such intention. (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175.) If the court finds as matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract." (*Brainard* v. *New York Central R. R. Co.*, 242 N. Y. 125, 133; *Friedman* v. *Handelman*, 300 N. Y. 188, 190; *Heller* v. *Pope*, 250 N. Y. 132, 135; *Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487, 493–494; and see *Matteson* v. *Walker*, 249 Ill. App. 404, 407.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc.