(April 22, 1952.)

WILLIAM WENGER, Appellant, v. HARRY LEFRAK et al., Respondents.

*Per Curiam.* We think that the disposition made of this matter in the decision of the court at Trial Term is correct. It is appropriate, however, to add that there is no evidence nor is it contended that defendants-respondents were guilty of bad faith toward the broker in the procurement of the broker's agreement that no commission should become payable unless title were actually transferred. Only the question of the brokerage commissions is involved herein.

The judgment appealed from should be affirmed, with costs to the respondents.

SHIENTAG, J. (dissenting). Plaintiff sues to recover damages as a result of what he alleges was the willful refusal of the defendants to execute a contract for the sale of land with resultant loss of commissions by the plaintiff. The court below dismissed the complaint at the end of plaintiff's case. Plaintiff's evidence, which must of course be accepted as correct on this appeal, was as follows.

The defendants engaged the plaintiff and his assignor as licensed real estate brokers, to sell a piece of property. As purchaser they secured one Alexander Bisno, who on October 15, 1949, through his lawyer and attorney in fact, entered into a formal contract with the defendants for the purchase of the premises and deposited $10,000 with the defendant pending the closing of title. Just prior to the signing of the contract of sale, and as a condition of defendants going through with the deal (see Personal Property Law, § 33), they required plaintiff and his cobroker to sign a brokerage agreement providing, in pertinent part, that a commission was not to be paid " In the event that the deed and the full consideration therefor fail actually to be delivered, received and accepted in accordance with the terms of such contract (whether any such failure is by reason of any default or act or omission or commission, intentional or otherwise, by either of the said parties to said contract * * *)."

After the contract of sale was signed, but before the date set for closing, the purchaser, Bisno, indicated dissatisfaction with the deal and a desire to assign his contract. Although the defendants orally agreed to modify the contract to render it more palatable, they recanted on this commitment when advised that a potential assignee had been secured. Thereafter, the contract was assigned to parties willing to carry out the sale on the terms embodied in the original agreement. When the assignee appeared for the closing, the defendants first indicated great unwillingness to carry out the contract. They then changed their approach and insisted upon an immediate exchange of title and payment, deliberately refusing to answer all queries concerning representations in the contract, though the questions were undoubtedly appropriate, and ultimately so insulting one of the buyers as to cause them to walk out.

On the evidence adduced by the plaintiff, it seems plain that a jury could reasonably have concluded that the defendants, willfully and in bad faith, refused to carry out the terms of their contract of sale; that, knowing that they had no legal basis for so doing, the defendants deliberately undertook to render the consummation of the sale impossible. The dismissal of the complaint below can thus be justified only on the theory that the terms of the brokerage agreement set forth above exempted defendants from their duty to pay commissions even where failure of title to pass resulted from the conduct herein set forth. I do not believe that the language of the brokerage agreement requires such a harsh and one-sided construction. The word " intentional " in the brokerage provision is given full effect if we construe it to embrace a knowing refusal to convey title, where the refusal is based upon an honest,

though mistaken, belief that legal justification exists for so acting. So construed, the provision is reasonable, fair, and serves an appropriate and legitimate objective. Construed to protect the seller against the consequences of a bad faith refusal to carry out his contractual obligations, it violates that fundamental rule of construction whereunder courts strive to avoid placing one party to a contract at the mercy of another. (*Reliable Press* v. *Bristol Carpet Cleaning Co.*, 261 App. Div. 256; *Pearce* v. *Knepper*, 53 N. Y. S. 2d 845, 846, affd. 269 App. Div. 829, motion for leave to appeal denied 269 App. Div. 929.) In the *Pearce* case (*supra*) the following language was held not to exempt a seller from paying commissions where the seller willfully defaulted on the contract of sale: "Should the deal not be consummated and title not passed for any reason whatsoever, there shall be no commission considered earned."

The views here advanced are in no sense inconsistent with the doctrine of *Heller and Henretig, Inc.*, v. *3620–168th Street, Inc.* (302 N. Y. 326). In that case the brokerage contract provided that commissions were not payable to the broker if (1) the contract of sale was not executed for any reason whatsoever, and (2) title did not pass for any reason whatsoever save the default of the seller. The contract of sale was not executed. Pointing out that with respect to passing of title the brokerage contract specifically provided that commissions were not to be withheld if the seller defaulted, the court inferred that the same qualification did not apply with respect to the execution of the contract.

It is one thing to hold, as did the court in the *Heller* case (*supra*), that effect should be given to the clearly articulated purpose of the parties that commissions are not to be paid if the seller decides not to execute the contract. It is a familiar and reasonable principle that parties on occasion do not wish to be bound by an agreement until they have seen it reduced to paper, have had an opportunity to examine it as a whole, and, after such examination then determine to sign it. It is an entirely different proposition to assert that one who has signed a formal contract, who has become bound in law and in justice to fulfill his obligation, can, by a willful violation of the contract, escape his obligation to pay commissions. No brokerage agreement should be so construed where a reasonable alternative appears in the language of the contract and, in my opinion, a reasonable alternative appears here.

The judgment should be reversed and a new trial ordered.

Peck, P. J., Glennon, Dore and Van Voorhis, JJ., concur in Per Curiam opinion; Shientag, J., dissents and votes to reverse and order a new trial, in opinion.

Judgment affirmed, with costs.