William C. Hecht, Jr., J.
This is a motion for summary judgment dismissing the complaint in an action for brokerage commissions.
Plaintiff claims that an oral agreement had been arrived at between defendants and his customer and that the failure to enter into a written agreement was due to defendants ’ acceptance of an offer made by another.
*139 The question presented is whether, by reason of the provisions of a writing signed by plaintiff at the commencement of the negotiations, before he had earned a commission, plaintiff cannot recover, even if an oral agreement with his customer had been arrived at and the failure to enter into a written agreement was the fault of the defendants.
It is well settled that, where a written contract of sale has been executed, a provision that no brokerage commission shall be payable unless title actually closes does not preclude recovery of the commission if the failure to close title is chargeable to the seller (Amies v. Wesnofske, 255 N. Y. 156). The courts, in such a case, apply the rule that a promisor cannot take advantage of his own failure to perform a condition upon which his liability depends. Whether similar reasoning is applicable where no commission is to be paid unless a written contract of sale is entered into and the failure to enter into the written contract is the fault of the seller, is questionable. As observed by Mr. Justice Shieittag in his dissenting opinion in Wenger v. Lefrak (279 App. Div. 993, 995): “ It is a familiar and reasonable principle that parties on occasion do not wish to be bound by an agreement until they have seen it reduced to paper, have had an opportunity to examine it as a whole, and, after such examination then determine to sign it. It is an entirely different proposition to assert that one who has signed a formal contract, who has become bound in law and in justice to fulfill his obligation, can, by a "willful violation of the contract, escape his obligation to pay commissions. No brokerage agreement should be so construed where a reasonable alternative appears in the language of the contract”. In the cited case, a written contract of sale had been entered into, and the vendor refused to perform. The majority of the court nevertheless denied recovery, and were affirmed. (305 N. Y. 656.)
Mr. Justice Shiektag, in his dissenting opinion took the view that the broker was entitled to a commission. The quoted language, however, makes it clear that even he would probably have held against the broker in a case where the commission is not payable unless a "written contract of sale is executed, regardless of the reasons for the failure to execute such a contract.
Had the agreement signed by this plaintiff provided that no commission was to be payable if no contract of sale was executed “ for any reason whatsoever”, the case would have been on all fours with Heller & Henretig v. 3620-168th St. (302 N. Y. 326), where the court dismissed the broker’s complaint even though it alleged that the owner’s failure to execute a written contract of sale was arbitrary. In view of the quoted language, *140 which the Court of Appeals characterized as “ unambiguous ” (p. 330), there was no occasion for that court to determine whether, in the absence of the quoted language, the doctrine of Amies v. Wesnofshe (supra) was also applicable to an agreement that there was to be no commission payable unless a written contract of sale was entered into.
In the instant case, the agreement signed by the broker does not contain the words “ for any reason whatsoever ”. Bead as a whole, however, the agreement indicates an intention that there was to be no liability for commissions if a written contract of sale was not executed, regardless of the reason therefor. The portion of plaintiff’s agreement which provides that “ no obligation of any kind or nature was attached to the owner, unless or until a contract of sale and brokerage agreement was actually executed” is preceded by language permitting “ change, modification or withdrawal from the market at any time without prior notice.”
Beading these two provisions together, particularly in the light of Mr. Justice Shientag’s well-taken distinction between a requirement that title pass under a written contract of sale and a requirement that a written contract of sale be executed, it is difficult to escape the conclusion that what was intended was that, under no circumstances, was the seller to be liable for a commission if a written contract of sale was not executed between the broker’s customer and the owner of the property. The obvious purpose of the provision was to avoid liability in a situation such as that here presented, where the question of whether an oral agreement had been arrived at depends on conflicting inferences or conflicting testimony.
This disposition makes it unnecessary to pass on whether plaintiff has shown the existence of a triable issue as to whether the alleged oral agreement had been entered into.
For the reasons indicated the motion to dismiss the complaint is granted.