■ BENENSON MANAGEMENT CO., INC., Respondent, v. BANNER HOLDING CORP. et al., Appellants.

APPEAL from order of the Supreme Court at Special Term, entered February 7, 1961, in New York County, which denied a motion by defendants for summary judgment under rule 113 of the Rules of Civil Practice and granted a cross motion by plaintiff for an order to serve an amended complaint.

*Per Curiam.* The plaintiff sues on a brokerage contract in connection with the sale of real estate. The complaint contains one cause of action, based on the contract. The contract provision contains the usual clause, now generally referred to as a waiver clause, that if the deed and full consideration therefor fail to be delivered, the broker waives all claims for any commission.

Defendant moved for summary judgment upon the conceded facts that no contract was ever entered into with the proposed buyer produced by the plaintiff. Plaintiff did not contest the motion for summary judgment but moved instead for permission to serve an amended complaint in accordance with the proposed amended complaint attached. Special Term granted plaintiff's motion and denied defendant's motion. The proposed amended complaint sets out no eventual facts which add anything in legal effect to the original complaint.

The identical waiver clause has been held valid (*Wenger* v. *Lefrak*, 279 App. Div. 993, affd. 305 N. Y. 656). The provision allowing an owner to contract for a waiver of commissions even in the event of his own fault is permissible (*Elliman & Co.* v. *Sterling Garage*, 304 N. Y. 846). Here the claim is that because the alleged default took place prior to the execution of the contract of sale, the clause is by its terms without application. The intent of the brokerage contract is clearly that any default which resulted in a failure to transfer title to the real estate barred recovery of commissions. In the *Wenger* case (*supra*) the dissenting opinion of SHIENTAG, J., makes clear that a default prior to execution of the contract would, in any event, prevent recovery. *Heller & Henretig* v. *3620–168th St.* (302 N. Y. 326) relied on by the plaintiff, is not to the contrary. There the waiver clause distinguished between a default prior to contract and one thereafter. Before contract, any default prevented plaintiff from asserting a claim; after contract, a default by the seller would not be a bar. The default occurred prior to contract and the action was held barred.

It is true that the cited cases in which waiver clauses have received interpretation have been concerned with the policy of allowing a seller to contract against his own default. Here that policy is not questioned and the emphasis is on whether the contract so provides. Inherent in the answer to that question is that the greater includes the lesser. A default after execution of a contract of sale is a default after the negotiations and after the entire work of the broker has been completed. If that default is waived, any default in the earlier stages must necessarily be included in the waiver.

The order should be reversed on the law, and motion granted and cross motion denied.

Rabin, J. (concurring in result). While I concur in the result reached by the court, I do not rest my vote for reversal on the ground relied upon by the majority. I do not believe that at this juncture the brokerage agreement and its "waiver" provisions constitute a complete defense to this action. While the brokerage agreement here is identical with that presented in *Wenger* v. *Lefrak* (279 App. Div. 993, affd. 305 N. Y. 656) there is a most important distinction between the two cases. In the *Wenger* case the default of the seller was postcontract, whereas in the instant case no contract was ever executed. As I read the agreement it could well have been made in contemplation that a contract would be executed and that the waiver was intended to be operative only after such execution.[*] It is not difficult to perceive why a broker may be willing to waive his commissions after contract if title is not closed as opposed to waiving prior to contract. Once a contract is signed the chances of a default thereunder are considerably lessened by reason of the legal liabilities mutually attaching to the buyer and seller. I, therefore, cannot agree that it is clear to a point that no triable issue is presented that both precontract and postcontract defaults were included in the "waiver".

However, despite my conclusion that there was at least a triable issue as to the scope of the "waiver", I agree that summary judgment should be granted to the defendants. Essential to a recovery by the plaintiff is that a buyer was produced who was ready, willing and able to purchase on the terms offered by the seller. The affidavit of the attorney who handled the negotiations for the seller states that there was no acquiescence by the prospective buyer in the terms offered with respect to the leaseback arrangement. There is no specific denial of that statement, nor are there any facts given to offset it. Indeed, no affidavit was submitted by the plaintiff directly in opposition to the motion for summary judgment. There was only the affidavit offered in support of the plaintiff's cross motion seeking leave to amend the complaint. However, even if we consider that affidavit as also being in opposition to the motion for summary judgment, it fails to supply what is needed to avoid the granting of such relief. All that can be found in that affidavit is a most conclusory, general and unsupported statement to the effect that the prospective buyer "offered to meet the terms and conditions of the defendants". Such statement hardly suffices to demonstrate the existence of the requisite triable issue of fact.

Breitel, J. P., McNally, Eager and Steuer, JJ., concur in *Per Curiam* opinion; Rabin, J., concurs in result in opinion.

Order entered on February 7, 1961, denying defendants' motion for summary judgment and granting plaintiff's cross motion for leave to serve an amended complaint, unanimously reversed, on the law, with $20 costs and disbursements

---

[*] See *Heller & Henretig* v. *3620–168th St.* (302 N. Y. 326) where the agreement to waive commissions expressly addressed itself to precontract defaults as well as those occurring postcontract.

to the appellants, the motion for summary judgment granted and the cross motion denied.