Joseph A. Suozzi, J.
The defendant moves for summary judgment dismissing the complaint in an action to recover brokerage commissions. The first cause of action is based on a written brokerage contract, and the second cause seeks the value of work, labor and services rendered.
The defendant in this action gave the plaintiff an exclusive authorization to procure a first mortgage from the Seamen’s Bank for Savings at the rate of $7 per square foot for a term of 15 to 20 years with interest at 6%. On June 9, 1961, the bank forwarded a commitment letter for a first mortgage in the sum of $495,000 for a 15-year term, with interest at 6%. The commitment was subject to compliance with various conditions imposed by the lending institution.
On July 19,1961, the defendant accepted the commitment upon condition that the bank approve certain counterproposals which the defendant set forth in his letter of acceptance. On the same date, the defendant procured from the plaintiff a letter which read in part as follows:
“ It is understood that in return for consideration of acceptance of the mortgage commitment in the amount of $495,000.00. *538 * * * that Fairfax Associates, Inc. shall. receive their one per cent brokerage fee only in the event that the mortgage with the above mentioned institution closes.
‘ ‘ In the event that said mortgage does not close, for any reason whatsoever, we agree that we shall waive our fee.”
The plaintiff states that it executed the letter in reliance on the defendant’s promise to accept the mortgage commitment unconditionally. The defendant, on the other hand, claims he insisted on the letter from the plaintiff as a condition to giving his assent to the bank’s commitment.
The loan never closed, and the reason for this fact is not clearly established in the papers. Both parties apparently realized that satisfaction of an existing first mortgage on the premises was a prerequisite to obtaining the new loan. The provisions of the existing mortgage forbade prepayment. The plaintiff, however, did obtain for the defendant the right to satisfy the existing mortgage based on payment of a 1%% penalty on the unpaid balance thereof. The defendant states the loan commitment included a greater area of land within the mortgage than he intended to have incumbered. Whatever circumstances led to the rejection of the loan, it is clear that the letter signed by the plaintiff effectively destroyed its right to recover a commission. The plaintiff is bound by the provision to which it agreed that it would not receive a commission if “for any reason whatsoever” the mortgage did not close (Heller & Henretig v. 3620-168th St., 302 N. Y. 326).
The plaintiff, however, claims that the letter was procured from it in reliance on the false representation that the defendant would accept the commitment unconditionally. But no cause of action based upon misrepresentation is pleaded in the complaint, and a plaintiff cannot defeat a motion for summary judgment by showing facts constituting an unpleaded cause of action (Wolfson v. Mandell, 13 A D 2d 760; Bright v. O’Neill, 3 A D 2d 728).
A plaintiff, however, may be given leave to redraft his complaint. The defendant’s motion for summary judgment is granted, accordingly, with leave to the plaintiff, if it be so advised, to serve an amended complaint based on misrepresentation or fraud within 20 days from the date of service on it of a copy of the order hereon with notice of entry. The plaintiff’s application for summary judgment is denied.