Thomas P. Farley, J.
This action to recover real estate brokerage commissions was tried without a jury.
Plaintiff produced two witnesses at the trial. The first, one Rosemary Leibold, a licensed broker, testified she received defendant’s consent to plaintiff’s listing of his property on Henry Street in Hempstead, New York, for sale. This employment of plaintiff is not disputed, and the listing agreement provides for a purchase price of $100,000. The matter was then referred by this witness to Barry Zwas, a salesman employed by plaintiff. Mrs. Leibold further stated that after a binder was signed by both defendant and one Falk, she spoke to defendant’s attorney for the purpose of arranging a formal contract which he refused to have his client sign.
Barry Zwas testified that after meeting defendant, he prepared the information contained in the listing, and later adver *607 tised and showed the property to prospective customers. Mr. Zwas claims he was in constant communication with the defendant, who furnished him with a survey and an income and expense statement.
Zwas states he introduced the purchaser, Martin Falk, to defendant and secured both their signatures on a binder (Exhibit No. 3). This document calls for a purchase price of $90,000 with the seller taking back a first mortgage in the sum of $65,000 for a period of 15 years with interest at 7%%. Exhibit No. 3 also contains a notation that the acceptance by seller is u subject to attorney’s approval Fred Edel.” The testimony of Mr. Zwas recites this clause was inserted by defendant solely for the reason he agreed to allow a $1,500 rebate in the 10% commission payable to plaintiff. On cross-examination, Mr. Zwas admitted the reduction in the brokerage fee was not evidenced by any writing. The prospective purchaser, Falk, was not produced.
The defendant took the stand in his own behalf and admitted listing the property with plaintiff, but denied he ever met or spoke to the purchaser, Martin Falk. According to the defendant, Mr. Zwas came to him about 5:30 p.m. on March 20, 1973, and told him he had a buyer. He testified he replied: “ I will sign a binder but it would have to be subject to my attorney’s approval.”
The established rule is that a real estate broker is deemed to have earned his commission, unless the parties agree otherwise, when he produces a buyer who is ready, willing, and able to purchase at the terms set by the seller (Lane-Real Estate Dept. Store v. Lawlet Corp., 28 N Y 2d 36; Kaelin v. Warner, 27 N Y 2d 352; Hecht v. Meller, 23 N Y 2d 301; Levy v. Lacey, 22 N Y 2d 271). The right to compensation, however, may, by agreement of the parties, be made dependent on the fulfillment of a specified condition (see Lane-Real Estate Dept. Store v. Lawlet Corp., supra, pp. 42-43; Kaelin v. Warner, supra), such as the passage of title (Amies v. Wesnofske, 255 N. Y. 156), the execution of a contract (Heller & Henretig v. 3620-168th St., Inc., 302 N. Y. 326), or, as here, approval by an attorney (Wilhelm v. Wood, 151 App. Div. 42). The evidence in this case is uncontrovertible that the seller made acceptance of the binder conditional upon the approval of his attorney, Fred Edel. Plaintiff acceded to this condition, and no evidence was introduced to show that Mr. Edel’s disapproval was occasioned by bad faith to escape payment of the commission. The specific condition, not having been performed, the seller *608 is not liable (Kaelin v. Warner, supra; Lane-Real Estate Dept. Store v. Lawlet Corp., supra; Wilhelm v. Wood, supra).
Recovery in this action is precluded for another reason. The seller here did not enter into a written agreement with the purchaser, and the court finds he made no unconditional oral contract to do so. In the absence of acceptance of the purchaser, the burden is on the plaintiff to prove, not only that the purchaser was ready and willing, but that he was financially able to purchase on the owner’s terms (Globerman v. Lederer, 281 App. Div. 39). The plaintiff offered no such evidence. The complaint is dismissed with costs.