Kaye, J.
(dissenting). The Appellate Division’s decision, reached entirely as a matter of law, upholds the right of a seller (defendant) offered a better price to escape payment of a fee to a real estate broker (plaintiff) who has produced a buyer ready, willing and able to purchase the property on the seller’s terms. In defendant’s words: “Marvin Billet testified (and the trial court and Appellate Division both found) that he did not enter into the proposed contract of sale with Mr. Steinberg so that he could accept Mr. Little’s better offer.”
The parties to a brokerage contract may of course fashion their own agreement, and if their agreement plainly contemplated such a result there would be no occasion to dissent. But the brokerage agreement in issue does not plainly provide for, or require, the" unpalatable result that a party by his own willful, unjustified act of withholding his signature from a contract for the sale of the property on his terms may defeat the broker’s right to a commission.
The brokerage agreement entered into by plaintiff and defendant provides, in relevant part: “The aforesaid commission is due and payable to the above named licensed broker as, if and when title passes [rider omitted], except for willful default on the part of the seller, in which case the commission shall" be payable upon demand after said default.” We are informed that such a clause is standard in brokerage agreements in this State.
In the view of the Appellate Division (now the view of this court) “willful default” can be read only to mean a formal contract default, thereby permitting the seller to avoid any obligation to the broker until there is a signed contract of sale for the property. We believe, with Justice Lazer, that it is “immaterial whether the seller’s repudiation of the transaction *903 with the buyer occurred before or after execution of the contract of sale, for a seller is in default if his willful refusal to consummate a sale prevents the fulfillment of the condition precedent to payment of the brokerage commission” (101 AD2d, at p 358). The controverted clause seems only a shorthand expression of established principles articulated in the Restatement (Second) of Agency § 445 comment e: “the principal’s promise to pay a commission becomes binding upon the production by the broker of a customer ready, willing and able to consummate the transaction on the specified terms. This promise, although now binding, does not call for performance unless there has been a fulfillment of the further condition, either that such customer shall make a contract enforceable against him, or that the conveyance shall be consummated, except that if the principal is responsible for the nonperformance of such condition, it is dispensed with and the promise to pay the commission becomes unconditional.”
To construe the clause in question to refer only to default in closing title is to ignore case law holding the broker entitled to his commission upon producing a buyer ready, willing and able even though no contract of sale between buyer and purchaser is ever signed (Tannenbaum v Boehm, 202 NY 293; Mooney v Elder, 56 NY 238; Polo v Scheldt, 195 App Div 903; Neur v Jaffe, 179 App Div 37; Suydam v Healy, 93 App Div 396; see, Pfeiffer, New York Law of Real Estate Brokerage § 71), as well as case law to the effect that a brokerage agreement will not be construed to “agree that if the sale falls through because of the seller’s fault, he [the broker] shall be entitled to nothing * * * unless such a result is clearly intended” (Colvin v Post Mtge. & Land Co., 225 NY 510, 516). Here the clause in question does not distinguish between a default prior to contract and one thereafter. A clause that simply excepts the seller’s willful default — without more — necessarily excepts not only a default in the closing of title but also a default in entering into a contract after the entire work of the broker has been done and he has become entitled to his commission (cf. Benenson Mgt. Co. v Banner Holding Corp., 13 AD2d 929). We disagree with the perception of the majority that the clause is “fairly susceptible, on its face, to different interpretations”: in the context of this agreement a default is a default, whether it occurs before or after a signed contract.
Permitting the seller unilaterally to defeat the broker’s right to a commission by withholding his signature from a perfectly acceptable contract of sale contravenes the fundamental proposition — rooted in considerations of fairness and justice — that a *904 party cannot take advantage of a failure of a condition precedent caused by his own conduct (see, 5 Williston, Contracts § 677 [3d ed]; see also, Wagner v Derecktor, 306 NY 386,391). Unless such a result is dictated by clear contract terms so providing (see, Colvin v Post Mtge. & Land Co., 225 NY 510, 516, supra; and 2 NY PJI 935-936) — and such terms are not present here — payment to the broker should be required. Where the effect would be to promote what has long been recognized in the law as an unreasonable and inequitable result (see, eg., Young v Hunter, 6 NY 203, 207), resort should not be had to the secondary contract interpretation principle of resolving a perceived ambiguity against the drafter.
Chief Judge Wachtler and Judges Jasen, Simons and Alexander concur; Judge Kaye dissents and votes to reverse in an opinion in which Judge Meyer concurs.
Order affirmed, with costs, in a memorandum.